ROBERT K. SCOTT # 67466
DAVID SCOTT MOHNEY #124426
LAW OFFICES OF ROBERT K. SCOTT
7700 Irvine Center Drive, Suite 605
Irvine, CA 92618
Telephone: (949) 753 4950
Facsimile: (949) 753 4949

Attorneys for Plaintiff
LAURIE ORANGE


WARREN H. NELSON, JR. #104744
A PROFESSIONAL CORPORATION
6161 El Cajon Boulevard, # 273
San Diego, CA 92115
Telephone: (619) 269 4212
Facsimile: (619) 501 7948
Email: nelson@rolando.sdcoxmail.com

Attorney for Defendant
STANDARD INSURANCE COMPANY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURIE ORANGE<br><br>vs.<br><br>STANDARD INSURANCE COMPANY, a corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: 3:08-cv-00686 BTM-CAB<br><br>JOINT RESPONSE TO MAY 28, 2008 ORDER TO SHOW CAUSE |

The parties, plaintiff Laurie Orange and defendant Standard Insurance Company ("Standard"), jointly and respectfully respond as follows to the Court's

May 28, 2008 Order to Show Cause "why this [diversity] case should not be remanded for lack of jurisdiction" on the issue "whether the jurisdictional amount requirement has been met."

Plaintiff Laurie Orange filed this California common law bad faith action, <u>Laurie Orange v. Standard Insurance Company, a corporation; and DOES 1 through 10, inclusive</u>, case No. 37-2008-00080596-CU-IC-CTL, against Standard in San Diego Superior Court. Orange alleged breach of insurance contract and tortious breach of the covenant of good faith and fair dealing in connection with Standard's closure of her long-term disability benefits claim. The case was removed to this Court on April 15, 2008 and a true and correct copy of the Complaint in that action, including Exhibit A to the Complaint, was attached to the Notice of Removal.

The parties state and represent to the Court that the amount in controversy exceeds $75,000.00, exclusive of interest and costs, by at least several multiples.

First, as stated in the Notice of Removal, paragraph 5, Orange has stated, through her counsel, that she presently seeks in excess of $75,000.00, exclusive of interest and costs:

> Standard's undersigned counsel has also written a letter to plaintiff's counsel with regard to the amount in controversy issue, a true and correct copy of which is attached hereto [i.e., to the Notice of Removal already before the Court] as Exhibit 3 pp 40-41, and requesting that plaintiff stipulate that she is not seeking in excess of $75,000.00, exclusive of interest and costs. Plaintiff's counsel have responded by voice mail stating that,
> ". . . of course, we could not stipulate that we are not seeking damages in excess of the jurisdictional limit, so I did want to respond to you and then say we're seeking—that, of course, we are [i.e., seeking damages in excess of the jurisdictional limit]."

Second, the maximum gross monthly benefit at issue is $6896.12, to which an offset of $5353.87 for San Diego County disability retirement benefits applies, leaving a monthly benefit due of $1542.25. Aside from this offset, Orange contends that no other offset applies to her claim. Orange further contends that Egan v. Mutual of Omaha, 24 Cal.3rd 809, 824 f.n. 7, 157 Cal.Rptr. 482 (1979), a disability case in which a verdict of tortious breach of a disability insurance contract was based upon a failure to investigate the claim, is applicable here. She therefore contends that, upon Standard's alleged tortious breach of the disability insurance contract, including her claim that Standard did not "reasonably or timely process and investigate" her claim (Notice of Removal Ex 1 p 7), she became entitled to receive ***accelerated disability insurance benefits***:

> Mutual also contends that the compensatory damage award should be reversed because the trial court permitted the jury to award ***future policy benefits***. It is true that in Erreca v. Western States Life Ins. Co. (1942) 91 Cal.2d 388, 402 [121 P.2d 689, 141 A.L.R. 68], this court allowed the recovery of only accrued benefits in an action for breach of a contract for disability insurance. We have never held, however, that future policy benefits may not be recovered in a valid tort cause of action for breach of the implied covenant of good faith and fair dealing, nor does defendant offer any compelling reason for extending Erreca to such actions. ***Thus, in applying to these facts the general rule for fixing tort damages (Civ. Code, § 3333), the jury may include in the compensatory damage award future policy benefits that they reasonably conclude, after examination of the policy's provisions and other evidence, the policy holder would have been entitled to receive had the contract been honored by the insurer***. To the extent it is inconsistent herewith, Austero v. National Cas. Co. (1978) 84 Cal. App3d 1, 24-25 [148 Cal. Rptr. 653], is disapproved.
>
> Egan, 24 Cal.3rd 824 f.n. 7 (emphasis added).

As noted above, Orange does seek an accelerated benefits award. When Orange's disability benefits claim closed, she was 50 years and 11 months old, as she was born on May 29, 1957. Orange has always contended that she is presently entitled to an accelerated benefits award, upon prevailing, to disability benefits through the date she attains the age of 65. See Notice of Removal Ex 1 p 16 (maximum benefits period ends at age 65). Orange thus presently seeks total monthly benefits payments of 14 years and 1 month at $1542.25 a month, i.e., 169 months at $1542.25 a month, for a total of $260,640.25. Even conceding that the $260,640.25 should be reduced to present value, the contractual benefits alone at issue in this case are well in excess of $75,000.00.

Third, Orange also seeks compensatory damages for emotional distress and Brandt damages (Notice of Removal Ex 1 p 8 (Compl ¶¶ 17-18)), i.e., attorney fees expended to recover contractual benefits. Orange contends that these amounts alone are in excess of $75,000.00.

Finally, Orange contends that the contractual and tort compensatory damages set forth above do and would alone and without reference to any other element of damages sought, legally support an award of punitive damages of at least several multiples of $75,000.00. See Notice of Removal Ex 1 p 8-9 (Compl ¶ 19, Prayer for Relief ¶ 3)).

Based on the foregoing, the parties jointly and respectfully submit that the amount in controversy in this case is many multiples in excess of $75,000.00, exclusive of interest and costs.

Dated: June 4, 2008

*/s/ Warren H. Nelson, Jr.*
WARREN H. NELSON, JR.
A PROFESSIONAL CORPORATION
6161 El Cajon Boulevard, # 273
San Diego, CA 92115

Attorney for Defendant
STANDARD INSURANCE COMPANY

Dated: June 3 2008

*[signature]*
ROBERT K. SCOTT
DAVID SCOTT MOHNEY
LAW OFFICES OF ROBERT K. SCOTT
7700 Irvine Center Drive, Suite 605
Irvine, CA 92618

Attorneys for Plaintiff
LAURIE ORANGE

DOCKET No. 3:08-CV-00686 BTM-CAB

<u>Orange v. Standard Insurance Company, et al.</u>

PROOF OF SERVICE BY MAIL

I, Warren H. Nelson, Jr., the undersigned, hereby certify and declare under penalty of perjury that I am over the age of 18 years and am not a party to this action. My business address is Warren H. Nelson, Jr., A Professional Corporation, 6161 El Cajon Blvd., # 273, San Diego, CA 92115, telephone (619) 269-4212, facsimile (619) 501-7948. On the 4th day of June 2008, I served a true copy of the foregoing document titled exactly:

## JOINT RESPONSE TO MAY 28, 2008 ORDER TO SHOW CAUSE

By placing it/ in an addressed sealed envelope with correct postage affixed thereto and personally depositing it in the United States mail. I addressed the mailing envelope to the following:

Robert K. Scott, Esq.
D. Scott Mohney, Esq.
Law Offices of Robert K. Scott
7700 Irvine Center Drive, Suite 605
Irvine, CA 92618

I declare under penalty of perjury that the foregoing is true and correct. Executed this 4th day of June 2008 at San Diego, California.

_____
Warren H. Nelson, Jr.

DOCKET No. 3:08-CV-00686 BTM-CAB

Orange v. Standard Insurance Company, et al.

PROOF OF SERVICE BY MAIL

I, Warren H. Nelson, Jr., the undersigned, hereby certify and declare under penalty of perjury that I am over the age of 18 years and am not a party to this action. My business address is Warren H. Nelson, Jr., A Professional Corporation, 6161 El Cajon Blvd., # 273, San Diego, CA 92115, telephone (619) 269-4212, facsimile (619) 501-7948. On the 4th day of June 2008, I served a true copy of the foregoing document titled exactly:

JOINT RESPONSE TO MAY 28, 2008 ORDER TO SHOW CAUSE

By placing it/ in an addressed sealed envelope with correct postage affixed thereto and personally depositing it in the United States mail. I addressed the mailing envelope to the following:

Robert K. Scott, Esq.
D. Scott Mohney, Esq.
Law Offices of Robert K. Scott
7700 Irvine Center Drive, Suite 605
Irvine, CA 92618

I declare under penalty of perjury that the foregoing is true and correct. Executed this 4th day of June 2008 at San Diego, California.

                                                      /s/Warren H. Nelson, Jr.
                                                      Warren H. Nelson, Jr.