## MINUTES OF THE UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

Case Name:  **Orange v. Standard Insurance Co.**          Case Number:   **08cv0686-BTM (CAB)**

Hon. Cathy Ann Bencivengo        Ct. Deputy Lori Hernandez        Rptr. Tape:

 A Mandatory Settlement Conference shall be held on **July 2, 2008**, at **2:00 p.m.** Pursuant to Local Civil Rule 16.3, all party representatives and claims adjusters for insured defendants with full and unlimited authority[1] to negotiate and enter into a binding settlement, as well as the principal attorney(s) responsible for the litigation, must be present and legally and factually prepared to discuss and resolve the case at the mandatory settlement conference. Retained outside corporate counsel shall not appear on behalf of a corporation as the party who has the authority to negotiate and enter into a settlement. Failure to attend the conference or obtain proper excuse will be considered grounds for sanctions.

 Because the parties have already submitted settlement statements, no further submissions are required, but either party may submit a supplemental settlement statement. Supplemental settlement statements shall be submitted directly to chambers on or before **June 25, 2008**.

 If the case does not settle during the Mandatory Settlement Conference, the Court will hold a Case Management Conference immediately thereafter.

Date:   June 5, 2008

Initials: MA

---

[1] "Full authority to settle" means that the individuals at the settlement conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. Heileman Brewing Co., Inc. v. Joseph Oat Corp., 871 F.2d 648 (7th Cir. 1989). The person needs to have "unfettered discretion and authority" to change the settlement position of a party. Pitman v. Brinker Intl., Inc., 216 F.R.D. 481, 485-486 (D. Ariz. 2003). The purpose of requiring a person with unlimited settlement authority to attend the conference includes that the person's view of the case may be altered during the face to face conference. Id. at 486. A limited or a sum certain of authority is not adequate. Nick v. Morgan's Foods, Inc., 270 F.3d 590 (8th Cir. 2001).