1  ROBERT K. SCOTT # 67466
   D. SCOTT MOHNEY #124426
2  LAW OFFICES OF ROBERT K. SCOTT
   7700 Irvine Center Drive, Suite 605
3  Irvine, CA 92618
   Telephone:   (949) 753 4950
4  Facsimile:   (949) 753 4949

5  Attorneys for Plaintiff
   LAURIE ORANGE
6

7  WARREN H. NELSON, JR.  #104744
   A PROFESSIONAL CORPORATION
8  6161 El Cajon Boulevard, # 273
   San Diego, CA 92115
9  Telephone:  (619) 269 4212
   Facsimile:   (619) 501 7948
10 Email: nelson@rolando.sdcoxmail.com

11 Attorney for Defendant
   STANDARD INSURANCE COMPANY
12

13

14

15              UNITED STATES DISTRICT COURT

16            SOUTHERN DISTRICT OF CALIFORNIA

17

18 LAURIE ORANGE,                    ) Case No.: 3:08-cv-00686 BTM-CAB
                                     )
19         Plaintiff,                ) JOINT RULE 26(f) REPORT
                                     )
20     vs.                           )
                                     )
21                                   )
                                     )
22 STANDARD INSURANCE                )
   COMPANY, a corporation; and DOES  )
23 1 through 10, inclusive,          )
                                     )
24                                   )
                                     )
25         Defendants.               )
                                     )
26 _____  )

27

28

                    JOINT RULE 26(f) REPORT - 3:08-CV-00686 BTM-CAB - 1

1    The parties, plaintiff Laurie Orange ("Orange") and defendant Standard

2 Insurance Company ("Standard"), jointly and respectfully submit the following

3 Report on their Rule 26(f) meeting in this case.

4

5    1.  The nature and basis of the claims and defenses.  Fed. R. Civ. Proc. Rule

6        26(f)(2):

7    Orange was a Deputy County Counsel for the County of San Diego.  She

8 made a claim of disability to Standard that was accepted and then closed.  Orange

9 alleges that Standard improperly applied a Musculoskeletal and Connective Tissue

10 Disorder Limitation (the "Limitation") contained in the policy at issue to close her

11 claim for long-term disability insurance benefits.  Standard's position is that the

12 Limitation was properly applied.  Orange further asserts that Standard handled her

13 claim unreasonably so as to render Standard liable to her for compensatory tort

14 damages.  Further, she alleges that Standard handled her claim with malice, fraud,

15 oppression or in conscious disregard of her rights, so that Standard is liable to her

16 for punitive damages.  Standard denies these allegations and specifically denies

17 that it committed "bad faith" at all or any misconduct at all, much less that

18 approaching the level required to support a claim for punitive damages.  Standard

19 asserts that there is a genuine dispute of law and/or fact as to its contractual

20 liability, so that Standard is not liable for unreasonable ("bad faith") claims

21 handling and cannot thereby be liable to Orange for punitive damages.

22

23    2.  Possibilities for promptly settling or resolving the case. Fed. R. Civ. Proc.

24        Rule 26(f)(2):

25    There have been only very preliminary settlement discussions.  It is

26 anticipated that Orange will make a demand for settlement and that the Court will

27 then discuss settlement with the parties at the MSC set for July 23, 2008, before

28 Magistrate Judge Bencivengo.  As agreed, Standard's settlement representative

will not personally attend but will be on telephone stand-by at all times during the planned MSC.

3. <u>Making or arranging for Initial Disclosures under Rule 26(a). Fed. R. Civ. Proc. Rule 26(f)(2):</u>

The parties jointly request that the court order completion of Initial Disclosures on or before August 22, 2008.

4. Issues with regard to preservation of discoverable information. Fed. R. Civ. Proc. Rule 26(f)(2):

None have currently been identified.

5. Discovery Plan. Fed. R. Civ. Proc. Rule 26(f)(3):

(A) Changes proposed in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made.

No changes are proposed in the timing form or requirement for disclosures under Rule 26(a). The parties jointly request that the court order completion of Initial Disclosures on or before August 22, 2008.

(B) The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues.

The parties jointly note that this case is in its very earliest stages, and additional issues, evidence and witnesses may well be discovered.

Subject to the foregoing, Orange will take the depositions of Standard's claims handling personnel, including medical and vocational consultants, and

reserves the right to depose other individuals, including expert witnessses, that may be identified in Initial Disclosures or discovery generally.

Subject to the foregoing first sentence of this paragraph, Standard will take the deposition of Orange, family members who will support her claim at trial, her last two employers, her physicians and reserves the right to depose other individuals, including expert witnesses, that may be identified in Initial Disclosures or discovery generally.

Each party will serve sets of interrogatories, requests for production and requests for admission.

(C) Any issues about disclosure or discovery of electronically stored information, including the form or forms in which is should be produced.

None have currently been identified.

(D) Any issues about claims of privilege or of protection as trial preparation materials, including--if the parties agree on a procedure to assert these claim after production--whether to ask the court to include their agreement in an order.

None have currently been identified.

(E) What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed.

None have currently been identified.

(F) Any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).

1    None have currently been identified.

2

3    In case the Court wishes to solicit the parties' views on case scheduling

4    generally, the parties include the following discussion:

5

6    **Orange proposes the following case deadline dates**:

7    Discovery Cut Off:  January 15, 2009

8    Expert and Rebuttal Expert Disclosure:  As per Rule 26.

9    Pretrial Conference:  May 2009

10    Trial:  anticipated length 5-7 court days

11

12    **Standard proposes the following case deadline dates**:

13    Discovery Cut Off:  April 15, 2009

14    Expert and Rebuttal Expert Disclosure:

15        • Orange:  January 15, 2009

16        • Standard:  February 13, 2009

17        • Orange Rebuttal Reports:  February 27, 2009

18        • Standard Rebuttal Reports:  March 13, 2009

19    Pretrial Conference:  May 2009

20    Trial:  June 2009, anticipated length, five court days

21    Dated:  July _____, 2008

22    WARREN H. NELSON, JR.
     A PROFESSIONAL CORPORATION

23    6161 El Cajon Boulevard, # 273
     San Diego, CA 92115

24

25    Attorney for Defendant
     STANDARD INSURANCE COMPANY

26

27

28

1   Dated:  July _18_ 2008

2                                   _Robert K. Scott_
3                                   ROBERT K. SCOTT
                                    DAVID SCOTT MOHNEY
4                                   LAW OFFICES OF ROBERT K. SCOTT
                                    7700 Irvine Center Drive, Suite 605
5                                   Irvine, CA 92618

6                                   Attorneys for Plaintiff
                                    LAURIE ORANGE
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28